■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR LICITRA, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered May 19, 1976, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, indictment dismissed and case remitted to the County Court, Westchester County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The People failed to present facts sufficient to go to the jury. Briefly, the facts adduced at the trial indicated that on Monday, August 26, 1974, at about 1:25 P.M., the police received a telephone call from the defendant that there had been an automobile accident with injuries on West Benedict Avenue in White Plains. When an ambulance did not arrive within a few minutes, he called back twice and gave the correct address. He then went outside, waved to the police car which had been sent to the scene and told the officers that the accident was inside his home. He directed the officers to the living room, where they saw his wife, who was apparently unconscious, seated in a chair with traces of blood on her face. There were no signs of struggle in the room and a cigarette was still burning on a table adjacent to her chair. A gun was on the floor at the rear of the chair. The defendant was extremely upset, paced back and forth and kept asking for help for his wife. One of the officers asked the defendant what had happened and he replied: "I was taking the f—ing thing out and the f—ing thing went off." As he made this statement, his right hand was moving across his body, from left to right. He repeated the same statement and motion about six times. When asked by the officer whether the gun was his, he replied that it was and subsequently produced a permit for it. When asked why he had taken the gun out, the defendant answered that he had been to the Ardsley shooting range, but returned because it had started to rain. He denied that he had had an argument with his wife. At the trial, defendant's daughter, who was 13 years old at the time of the shooting, testified on behalf of the People. She testified that she had been in the kitchen during the time in question and that defendant and her mother had been conversing in low tones, when she

suddenly heard a "bang". There was also testimony by the People's ballistics expert that defendant had handled the gun in a negligent manner because he failed: to keep it in a holster; keep his finger off the trigger; and point it only at inanimate objects. Further testimony was given by a representative of the Ardsley shooting range, who informed the court that the defendant's membership had expired several months previously, that the range was always closed on Mondays and that there was a shelter at the range to permit shooting in all kinds of weather. The defendant did not testify. The evidence is insufficient to sustain the conviction of manslaughter in the second degree, or any lesser included offense (see *People v Montanez,* 41 NY2d 53). In the *Montanez* case, which involved facts remarkably similar to the facts at bar, the court wrote (pp 57-58): "Thus even assuming that the weapon was in the defendant's hand at the time of the shooting, neither this circumstance nor any other factors in the case compels the inference that the manner in which the defendant handled the weapon, if negligent, rose to the level of a criminal act". The same may be said of the facts in the instant case. Mollen, P. J., Hopkins, Titone, Shapiro and Hawkins, JJ., concur.